IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MELACKRINOS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>TD BANK, N.A.,<br><br>                    Defendant. | Civil Action No.:  18-cv-03055<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff John Melackrinos ("Plaintiff"), through his undersigned attorneys, Bursor & Fisher, P.A., brings this Class Action Complaint against Defendant TD Bank, N.A. ("TD Bank"), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys:

## NATURE OF THE ACTION

1. In direct violation of New York law, TD Bank charges a $1 monthly fee in order for its customers to receive a paper billing statement.

2. Indeed, a portion of TD Bank's website entitled "Why go paperless?" states "**Enjoy lower fees.** Checking accounts avoid a $1 monthly fee for paper statements:"[1]

> ✓ **Enjoy lower fees.** Checking accounts avoid a $1 monthly fee for paper statements; savings and money market accounts enjoy $1 off monthly maintenance fees when you switch to online-only statements.

---

[1] https://www.tdbank.com/personal/online_statements.html (last visited April 5, 2018).

3. TD Bank's conduct is prohibited by New York General Business Law ("GBL") § 399-zzz, and therefore constitutes a deceptive act and practice under GBL § 349.

4. Accordingly, Plaintiff brings this putative class action on behalf of himself and all other similarly situated New Yorkers, and seeks compensatory damages, statutory damages, and injunctive relief.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d), Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, and there are numerous Class members who are citizens of states other than TD Bank's states of citizenship.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and because TD Bank transacts business and/or has agents within this District.

## PARTIES

7. Plaintiff John Melackrinos is a citizen of New York who resides in Chester, New York. Since at least 2010, Mr. Melackrinos has had a checking account with TD Bank, and since at least 2015, TD Bank has charged Mr. Melackrinos a $1 monthly fee to receive a paper billing statement, which Mr. Melackrinos paid. A screenshot of the $1 monthly fee to receive a paper billing statement from Mr. Melackrinos's July 2017 account statement is below:

| Service Charges | | |
|---|---|---|
| POSTING DATE | DESCRIPTION | AMOUNT |
| 07/13 | PAPER STATEMENT FEE | 1.00 |
| | Subtotal: | 1.00 |

8. TD Bank, N.A. is a consumer banking corporation headquartered at 1701 Route 70 East, Suite 200, Cherry Hill, New Jersey 08034.

**NEW YORK GENERAL BUSINESS LAW § 399-zzz**

9. Effective April 18, 2011, New York enacted GBL § 399-zzz, which provides that companies, like TD Bank, shall not "charge a consumer an additional rate or fee … when the consumers chooses … [to] receive a paper billing statement."  GBL § 399-zzz(1).

10. The statute provides that "[e]very violation of this section shall be deemed a deceptive act and practice subject to enforcement under article twenty-two-A of this chapter," i.e., GBL § 349.  *Id.* § 399-zzz(2) (emphasis added).

11. As the New York Legislature found "paper billing and payment fees unfairly impact consumers that do not have Internet access in their homes, as well as those that are uncomfortable using the Internet, including many senior citizens and those concerned about personal privacy."  *See* NY State Assembly Memorandum In Support of Legislation, attached as Exhibit A.

12. Additionally, "[p]aper billing and payment fees disproportionately affect low-income consumers, who are less likely to have access to the Internet."  *Id.*

13. "Furthermore, such policies impose an additional burden on those customers who choose to file their billing statements for later reference, as such customers will be forced to bear the cost of printing electronic billing statements on their home printer."  *Id.*

**CLASS ACTION ALLEGATIONS**

14. Plaintiff seeks to represent a class defined as all New York residents who were charged a fee to receive a paper billing statement by TD Bank.  Excluded from the Class is any entity in which TD Bank has a controlling interest, and officers or directors of TD Bank.

15. Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the thousands.  The

3

precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of TD Bank.

16.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:  (a) whether TD Bank charged its customers a monthly fee in order to receive a paper billing statement; and (b) whether any such fee(s) constitute a violation of GBL § 399-zzz.

17.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and the Class sustained damages as a result of TD Bank's uniform wrongful conduct, based upon TD Bank charging its customers a monthly fee in order to receive a paper billing statement.

18.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

19.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish TD Bank's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a

potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of TD Bank's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Deceptive Acts Or Practices, New York GBL § 349
### (On Behalf Of The Class)

20. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

21. Plaintiff brings this claim individually and on behalf of the members of the Class against TD Bank.

22. By the acts and conduct alleged herein, TD Bank committed deceptive acts and practices by charging its customers a monthly fee in order to receive a paper billing statement.

23. The foregoing deceptive acts and practices were directed at consumers.

24. The foregoing deceptive acts and practices are misleading in a material way because they constitute an unlawful fee under GBL § 399-zzz.

25. Plaintiff and members of the Class were injured because they were unlawfully charged a monthly fee in order to receive a paper billing statement. As a result, Plaintiff and members of the Class have been damaged in the full amount of fees they paid to TD Bank in order to receive a paper billing statement.

26. On behalf of himself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the other Class members respectfully request that the Court:

A. Certify the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Award damages, including compensatory, exemplary, statutory, incidental, consequential, actual, and punitive damages to Plaintiff and the Class in an amount to be determined at trial;

C. Award Plaintiff and the Class their expenses and costs of the suit, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees;

D. Grant restitution to Plaintiff and the Class and require Defendant to disgorge their ill-gotten gains;

E. Permanently enjoin TD Bank from engaging in the unlawful conduct set forth herein; and

F. Grant any and all such other relief as the Court deems appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: April 6, 2018                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Philip L. Fraietta*
         Philip L. Fraietta

Scott A. Bursor
Joseph I. Marchese
Philip L. Fraietta
Frederick J. Klorczyk III
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
            jmarchese@bursor.com
            pfraietta@bursor.com
            fklorczyk@bursor.com

*Attorneys for Plaintiff*