O'Melveny

O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660-6429

T: +1 949 823 6900
F: +1 949 823 6994
omm.com

June 1, 2018

**Danielle N. Oakley**
D: +1 949 823 7921
doakley@omm.com

**VIA ECF**

Hon. Cathy Seibel
United States District Judge
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

**Re:**   *Melackrinos v. TD Bank, N.A., 7:18-cv-03055*

Dear Judge Seibel:

We represent Defendant TD Bank, N.A., ("TD Bank") and write to request a pre-motion conference in connection with TD Bank's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff's sole claim—alleging that TD Bank violated New York General Business Law ("NY GBL") § 349 by charging a $1 fee in connection with his checking account—is preempted by the National Bank Act, which exclusively governs TD Bank's ability to set checking-account fees.  In addition, plaintiff has not pleaded a NY GBL § 349 claim because (i) the predicate NY GBL section on which he bases his claim does not apply to TD Bank or the account statements plaintiff received, and (ii) the conduct plaintiff challenges was contractually authorized and, thus, not misleading in any way.  Accordingly, plaintiff's complaint should be dismissed with prejudice.

*Summary of Plaintiff's Complaint*

Plaintiff John Melackrinos, a TD Bank checking-account customer, alleges that TD Bank charged him $1 per month because he elected to receive paper monthly checking-account statements.  (Compl. ¶ 7.)  Plaintiff contends that this $1 fee violated NY GBL § 399-zzz, which prohibits businesses from charging consumers "an additional rate or fee or a differential in the rate or fee associated with payment on an account when the consumer chooses to pay by United States mail or receive a paper billing statement."  NY GBL § 399-zzz(1).  Under Section 399-zzz(2), a violation of Section 399-zzz "shall be . . . subject to enforcement under article twenty-two-A of this chapter."  Thus, plaintiff asserts a single cause of action alleging a violation of NY GBL § 349 (which is organized under article twenty-two-A) on behalf of "all New York residents who were charged a fee to receive a paper billing statement by TD Bank."  (Compl. ¶ 14.)  Plaintiff seeks injunctive relief, treble damages, and attorneys' fees.  (Compl. ¶ 26.)

***TD Bank's Anticipated Grounds for Dismissal***

Plaintiff's claim suffers from several legal deficiencies, which TD Bank will address more fully in its anticipated motion to dismiss.

   1. *The National Bank Act Preempts § 399-zzz.*

Plaintiff's § 349 claim depends upon a purported violation of § 399-zzz.  (Compl. ¶¶ 3, 10, 24.)  But the National Bank Act, 12 U.S.C. §§ 21 *et seq.* ("NBA"), and its implementing regulations preempt § 399-zzz as applied to TD Bank.

Plaintiff seeks to enforce a New York law that ostensibly dictates what fees may be charged in connection with paper account statements against TD Bank, a national bank.  (*See* Compl. ¶ 3.)  But TD Bank's alleged $1 charge is precisely the kind of fee-setting activity that the NBA grants national banks the right to conduct without interference from state law.  The NBA grants national banks broad authority to charge bank customers "non-interest charges and fees, including deposit account service charges."  12 C.F.R. § 7.4002(a).  Furthermore, the Office of the Comptroller of the Currency ("OCC"), which has rule-making authority under the NBA, has granted national banks broad discretion with respect to fee-setting, providing that "[t]he establishment of non-interest charges and fees, their amounts, and the method of calculating them are business decisions to be made by each bank, in its discretion[.]"  *Id.* § 7.4002(b)(2); *see also* NY GBL § 399-zzz(1) (providing that application of the statute is "subject to federal law and regulation").

Relying on § 7.4002, courts have repeatedly found that the NBA preempts state laws purporting to limit depository fees that national banks may charge.  *E.g.*, *Wells Fargo Bank of Texas N.A. v. James*, 321 F.3d 488, 495 (5th Cir. 2003) (national banks' authority to "charge [their] customers non-interest charges and fees" preempted state statute prohibiting check-cashing fees); *Bank of Am. v. City and Cnty. of San Francisco*, 309 F.3d 551, 563–64 (9th Cir. 2002) (NBA preempted ordinance prohibiting charging ATM fees to non-customers); *see also Howard L. Jacobs, P.C. v. Citibank, N.A.*, 61 N.Y.2d 869, 871–72 (1984) (federally chartered bank not subject to overdraft fee limitations imposed by New York Banking Board).  A state may only regulate national banks where "doing so does not prevent or significantly interfere with the national bank's exercise of its [enumerated and incidental] powers."  *Barnett Bank of Marion Cnty., N.A. v. Nelson*, 517 U.S. 25, 33 (1996); *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 12 (2007) (applying *Barnett Bank* standard to both enumerated and incidental powers); *see also* 12 C.F.R. § 7.4007 (OCC's preemption regulation, providing that national banks are authorized to "receive deposits and engage in any activity incidental to receiving deposits . . . without regard to state law limitations concerning," *inter alia*, checking accounts, savings accounts, and disclosure requirements).

Here, sustaining plaintiff's claim would require finding that New York's General Business Law overrides TD Bank's federally delegated discretion to set fees associated with its checking accounts and associated monthly statements.  Accordingly, plaintiff's claim would undoubtedly "prevent or significantly interfere" with TD Bank's incidental powers as a national bank and must be dismissed.

### 2. Plaintiff Has Not Pleaded a Violation of § 399-zzz.

Even if plaintiff's claim were not preempted, plaintiff's reliance on § 399-zzz suffers from at least two dispositive defects.  First, on its face, § 399-zzz does not apply to banking institutions like TD Bank.  This miscellaneous statute applies to "person[s], partnership[s], corporation[s], association[s] or other business entit[ies]."  NY GBL § 399-zzz.  Even New York Banking Law, which applies to "banks," *see* NY Banking Law §§ 1–2, does not subject national banks to regulation because "the definition of 'bank' . . . contains no mention of a national bank."  *See People v. Calandra*, 565 N.Y.S.2d 467, 470 (1st Dep't 1991).  Thus, by failing to include a reference to "national banks" in NY GBL § 399-zzz, the New York legislature acknowledged that it was without authority to restrict fees imposed by national banks.  *See id.*

Second, § 399-zzz prohibits certain persons and entities from "charg[ing] a consumer an additional rate or fee . . . when the consumer chooses to . . . receive a paper *billing statement*."  NY GBL § 399-zzz(1) (emphasis added).  Plaintiff himself alleges that the statements he receives at a $1 monthly cost are not "billing statements," but rather are account statements.  (*See* Compl. ¶ 7.)  The distinction is critical, because the legislation was enacted to prevent consumers without electronic access from having to pay a fee for the benefit of being able to pay their bills*, see* Compl. Ex. A (D.E. 4), which does not apply to checking account statements, in response to which no payments are due.

### 3. Plaintiff Has Not Otherwise Pleaded a Violation of § 349.

To the extent plaintiff asserts a § 349 claim untethered to an alleged § 399-zzz violation, his claim still fails.  To state a § 349 claim, plaintiff must allege "that the defendant's conduct was: (1) consumer oriented; (2) deceptive or misleading in a material way; and (3) that plaintiff suffered injury as a result."  *See Gomez-Jimenez v. New York Law Sch.*, 943 N.Y.S.2d 834, 840 (Sup. Ct. N.Y. Co. 2012), *aff'd*, 956 N.Y.S.2d 54 (1st Dep't 2012) (dismissing § 349 claim where alleged conduct was not materially misleading).  Here, plaintiff has not plausibly alleged any TD Bank conduct that was "deceptive or misleading" in any way.

Plaintiff acknowledges that TD Bank's website and his monthly account statements disclose the now-challenged $1 fee.  (Compl. ¶¶ 2, 7.)  Moreover, that fee was expressly disclosed and authorized under plaintiff's deposit agreement, which the Court is free to consider.[1]  *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (considering stock purchase agreement and offering memorandum on motion to dismiss securities fraud claim where plaintiffs had notice of those documents and relied upon them in framing the complaint, even though they were not attached as exhibits or incorporated by reference).  Thus, plaintiff has not alleged a viable claim under § 349.  *See Weinstein v. eBay, Inc.*, 819 F. Supp. 2d 219, 227 (S.D.N.Y. 2011) ("There can be no claim for deceptive acts or practices, however, when the alleged deceptive practice was fully disclosed.").

* * * * *

We are available at the Court's convenience for a conference.

---

[1] TD Bank's Personal Deposit Account Agreement, available at https://www.feeds.td.com/en/document/oao/pdf/PersonalAcctAgree.pdf (last visited June 1, 2018) is attached as Exhibit A.

O'Melveny

Respectfully submitted,

/s/ Danielle N. Oakley

Danielle N. Oakley

cc: All Counsel by ECF