IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MELACKRINOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TD BANK, N.A.,<br><br>Defendant. | Civil Action No.:  18-cv-03055<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff John Melackrinos ("Plaintiff"), through his undersigned attorneys, Bursor & Fisher, P.A., brings this First Amended Class Action Complaint against Defendant TD Bank, N.A. ("TD Bank"), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys:

## NATURE OF THE ACTION

1. In direct violation of New York law, TD Bank charges a $1 monthly fee in order for its customers to receive a paper billing statement.

2. Indeed, a portion of TD Bank's website entitled "Why go paperless?" states "**Enjoy lower fees.** Checking accounts avoid a $1 monthly fee for paper statements:"[1]



---

[1] https://www.tdbank.com/personal/online_statements.html (last visited April 5, 2018).

3.  TD Bank's conduct is prohibited by New York General Business Law ("GBL") § 399-zzz, and therefore constitutes a deceptive act and practice under GBL § 349.

4.  Accordingly, Plaintiff brings this putative class action on behalf of himself and all other similarly situated New Yorkers, and seeks compensatory damages, statutory damages, and injunctive relief.

## JURISDICTION AND VENUE

5.  This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d), Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, and there are numerous Class members who are citizens of states other than TD Bank's states of citizenship.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and because TD Bank transacts business and/or has agents within this District.

## PARTIES

7.  Plaintiff John Melackrinos is a citizen of New York who resides in Chester, New York. Since at least 2010, Mr. Melackrinos has had a checking account with TD Bank, and since at least 2015, TD Bank has charged Mr. Melackrinos a $1 monthly fee to receive a paper billing statement, which Mr. Melackrinos paid. Each monthly statement that TD Bank sends to its customers, including Plaintiff, includes any fees charged against the account over the previous billing cycle. A screenshot of the $1 monthly fee to receive a paper billing statement from Mr. Melackrinos's July 2017 paper billing statement is below:

| Service Charges | | |
|---|---|---|
| POSTING DATE | DESCRIPTION | AMOUNT |
| 07/13 | PAPER STATEMENT FEE | 1.00 |
| | Subtotal: | 1.00 |

8. TD Bank, N.A. is a consumer banking corporation headquartered at 1701 Route 70 East, Suite 200, Cherry Hill, New Jersey 08034.

### **NEW YORK GENERAL BUSINESS LAW § 399-zzz**

9. Effective April 18, 2011, New York enacted GBL § 399-zzz, which provides that companies, like TD Bank, shall not "charge a consumer an additional rate or fee … when the consumers chooses … [to] receive a paper billing statement." GBL § 399-zzz(1).

10. The statute provides that "[e]very violation of this section shall be deemed a deceptive act and practice subject to enforcement under article twenty-two-A of this chapter," i.e., GBL § 349. *Id.* § 399-zzz(2) (emphasis added).

11. As the New York Legislature found "paper billing and payment fees unfairly impact consumers that do not have Internet access in their homes, as well as those that are uncomfortable using the Internet, including many senior citizens and those concerned about personal privacy." *See* NY State Assembly Memorandum In Support of Legislation, attached as Exhibit A.

12. Additionally, "[p]aper billing and payment fees disproportionately affect low-income consumers, who are less likely to have access to the Internet." *Id.*

13. "Furthermore, such policies impose an additional burden on those customers who choose to file their billing statements for later reference, as such customers will be forced to bear the cost of printing electronic billing statements on their home printer." *Id.*

### **FACTUAL BACKGROUND**

14. Pursuant to federal law, TD Bank is required to provide its customers with a paper billing statement on a periodic basis. *See* 12 C.F.R. § 205.9(b).

15. TD Bank may provide that statement electronically, <u>only</u> if "the consumer has affirmatively consented to such use and has not withdrawn such consent."  15 U.S.C. § 7001(c)(1).

16. Thus, TD Bank's provision of a paper billing statement is not a service, but rather an obligation.

17. Nonetheless, TD Bank charges its customers a $1 monthly fee in order to receive the paper billing statement they are entitled to under federal law.

18. On information and belief, TD Bank set the monthly fee at $1 without regard to sound banking judgment and safe and sound banking principles.

19. On information and belief, TD Bank set the monthly fee at $1 without considering the cost incurred by the bank in providing the service.  Indeed, TD Bank's Personal Deposit Account Agreement states that "[t]he Paper Statement Fee is charged per Account, not per statement; therefore a combined statement with more than one Account could receive multiple fees."  TD Bank Personal Deposit Account Agreement at 28.[2]

20. On information and belief, TD Bank set the monthly fee at $1 without considering whether it would deter misuse of banking services by customers.

21. On information and belief, TD Bank set the monthly fee at $1 without considering whether it would enhance the competitive position of the bank in accordance with the bank's business plan and marketing strategy.

22. On information and belief, TD Bank set the monthly fee at $1 without considering the maintenance of the safety and soundness of TD Bank.

---

[2] https://www.feeds.td.com/en/document/oao/pdf/PersonalAcctAgree.pdf (last visited July 13, 2018).

## CLASS ACTION ALLEGATIONS

23. Plaintiff seeks to represent a class defined as all New York residents who were charged a fee to receive a paper billing statement by TD Bank. Excluded from the Class is any entity in which TD Bank has a controlling interest, and officers or directors of TD Bank.

24. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of TD Bank.

25. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: (a) whether TD Bank charged its customers a monthly fee in order to receive a paper billing statement; and (b) whether any such fee(s) constitute a violation of GBL § 399-zzz.

26. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and the Class sustained damages as a result of TD Bank's uniform wrongful conduct, based upon TD Bank charging its customers a monthly fee in order to receive a paper billing statement.

27. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

28. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish TD Bank's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of TD Bank's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Deceptive Acts Or Practices, New York GBL § 349
### (On Behalf Of The Class)

29. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

30. Plaintiff brings this claim individually and on behalf of the members of the Class against TD Bank.

31. By the acts and conduct alleged herein, TD Bank committed deceptive acts and practices by charging its customers a monthly fee in order to receive a paper billing statement.

32. The foregoing deceptive acts and practices were directed at consumers.

33. The foregoing deceptive acts and practices are misleading in a material way because they constitute an unlawful fee under GBL § 399-zzz.

34. Plaintiff and members of the Class were injured because they were unlawfully charged a monthly fee in order to receive a paper billing statement. As a result, Plaintiff and members of the Class have been damaged in the full amount of fees they paid to TD Bank in order to receive a paper billing statement.

35. On behalf of himself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the other Class members respectfully request that the Court:

A. Certify the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Award damages, including compensatory, exemplary, statutory, incidental, consequential, actual, and punitive damages to Plaintiff and the Class in an amount to be determined at trial;

C. Award Plaintiff and the Class their expenses and costs of the suit, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees;

D. Grant restitution to Plaintiff and the Class and require Defendant to disgorge their ill-gotten gains;

E. Permanently enjoin TD Bank from engaging in the unlawful conduct set forth herein; and

F. Grant any and all such other relief as the Court deems appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated:  July 16, 2018                                     Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Philip L. Fraietta*
         Philip L. Fraietta

Scott A. Bursor
Joseph I. Marchese
Philip L. Fraietta
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
            jmarchese@bursor.com
            pfraietta@bursor.com

**BURSOR & FISHER, P.A.**

Frederick J. Klorczyk III
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
E-mail:  fklorczyk@bursor.com

*Attorneys for Plaintiff*

**EXHIBIT A**

**A09541 Memo:**

NEW YORK STATE ASSEMBLY
MEMORANDUM IN SUPPORT OF LEGISLATION
submitted in accordance with Assembly Rule III, Sec 1(f)

**BILL NUMBER:** A9541A

**SPONSOR:** Pheffer (MS)

**TITLE OF BILL**:  An act to amend the general business law, in relation to prohibiting an additional fee or rate to be charged in certain circumstances

**PURPOSE OR GENERAL IDEA OF BILL**: This purpose of this bill is to prohibit businesses from imposing an additional rate or fee on the account of a consumer who chooses to receive paper billing statements or pay by United States mail.

**SUMMARY OF SPECIFIC PROVISIONS**: This bill would prohibit any person, partnership, corporation, association or other business entity from

charging a consumer an additional rate or fee or a differential in the rate or fee associated with payment on an account when the consumer chooses to pay by United States mail or receive a paper billing statement.

The bill stipulates that its provisions shall not be construed to prohibit a person, partnership, corporation, association or other business entity from offering consumers a credit or other incentive to elect a specific payment or billing option.

Violations would be deemed a deceptive act and practice subject to enforcement under Article 22-A of the General Business Law.

**JUSTIFICATION**: In recent months, there have been instances of major companies proposing to impose an additional fee on the accounts of customers that choose to receive a paper bill or pay by United States mail. Such paper billing and payment fees unfairly impact consumers that do not have Internet access in their homes, as well as, those that are

uncomfortable using the Internet, including many senior citizens and those concerned about personal privacy.

Paper billing and payment fees disproportionately affect low-income consumers, who are less likely to have access to the Internet.  Furthermore, such policies impose an additional burden on those customers who choose to file their billing statements for later reference, as such customers will be forced to bear the cost of printing electronic billing statements on their home printer.

While the environmental benefits of electronic billing and payment are clear, a better approach to reducing paper use in this area is available. Several major companies have successfully reduced paper usage by offering customers an incentive to switch to electronic billing and payment.

This legislation would expand upon the provisions of Section 702 of the General Business Law, which prohibit creditors from charging customers

an additional rate or fee when the consumer chooses to pay by United States mail:

**PRIOR LEGISLATIVE HISTORY**: New bill.

**FISCAL IMPLICATIONS FOR STATE AND LOCAL GOVERNMENTS**:  None.

**EFFECTIVE DATE**:  180 days after it shall have become a law,